UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG O. COPLEY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    2:16-cv-00343-DBH |
| | ) |
| HELENE M. VARTELAS, | ) |
| | ) |
|     Respondent | ) |

**ORDER ON MOTION TO APPOINT COUNSEL**

In this habeas action, Petitioner requests the appointment of counsel. (ECF No. 3.) Title 18 U.S.C. § 3006A(a)(2) states in pertinent part: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." In this case, Petitioner apparently seeks relief under section 2241.

In *U.S. v. Mala*, 7 F.3d 1058 (1st Cir. 1993), the First Circuit considered whether a defendant was entitled to counsel in the event he filed a habeas action based on the alleged ineffective assistance of his post-conviction counsel. In concluding that the defendant presented the "rare section 2255 case in which the appointment of counsel is warranted," the Court cited three factors: (1) the defendant had demonstrated a "fair likelihood of success on the constitutional claim," (2) the claim was "factually complex and legally intricate," and (3) "the facts [were] largely undeveloped and [defendant] (who is both incarcerated and indigent) [was] severely hampered in his ability to investigate them." 7 F.3d at 1063-64. Because section 3006A applies the same standard for the appointment of counsel to section 2241, 2254, and 2255 cases, the standard set forth by the First Circuit in *Mala* applies to Petitioner's section 2241 petition.

Application of the factors to Petitioner's case militates against the appointment of counsel in this case. Most importantly, the Court cannot conclude based on Petitioner's filing that he has a likelihood of success on a constitutional claim. In fact, Petitioner's filing suggests a question as to whether this Court has jurisdiction to consider Petitioner's motion. *See* 28 U.S.C. § 2241(d). Accordingly, the Court denies Petitioner's motion for appointment of counsel.

## CERTIFICATE

Any objections to this report shall be filed in accordance with Fed. R. Crim. P. 59 and Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of July, 2016.