UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG O. COPLEY, | ) |
| Petitioner, | ) |
| v. | ) 2:16-cv-00343-DBH |
| HELENE M. VARTELAS, | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2241 PETITION**

Petitioner Craig O. Copley has filed a petition pursuant to 28 U.S.C. § 2241. (Petition, ECF No. 1.) Petitioner alleges that he is in the custody of a hospital in Connecticut, and that he is serving a sentence of probation based on a Connecticut state court judgment.[1] (*Id.* at 1.) Apparently, Petitioner challenges the Connecticut state court judgment. (*Id.* at 7-9.)

As part of his claim, Petitioner alleges that he was wrongly arrested in York Beach, Maine, in October 2015, for a probation violation, and that he was extradited to Connecticut without having waived his right to an extradition hearing. (*Id.* at 3.) He requests to be returned to Maine for an extradition hearing. (*Id.* at 9.)

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.,*

---

[1] Petitioner has since filed a notice that was docketed as a change of address, but the notice appears to identify the same address as the return address on the envelope that Petitioner used to send the petition to the Court. (Petition envelope, ECF No. 1-5; Notice, ECF No. 6.)

410 U.S. 484, 495 (1973)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

Pursuant to 28 U.S.C. § 2243, the Court has the duty to screen a prisoner's habeas petition.[2] Because Petitioner requests relief from the conditions of his present physical confinement outside Maine, this Court lacks jurisdiction to consider the merits of Petitioner's claim. *See* 28 U.S.C. § 2241(a); *Rumsfeld,* 542 U.S. at 442.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the petition (ECF No. 1) without prejudice. I further recommend that the Court deny a certificate of appealability, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[2] Title 28 U.S.C. § 2243 states in pertinent part: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Title 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, and 28 U.S.C. § 1915A, which governs the screening of prisoners' civil actions, also require screening of a prisoner's petition. However, neither section 1915(e) nor section 1915A explicitly addresses screening for jurisdictional issues; rather, they provide in pertinent part that the court must dismiss a prisoner's action if it is frivolous or malicious, or if it fails to state a claim. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), 1915A(b)(1).

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                              /s/ John C. Nivison
                                              U.S. Magistrate Judge

Dated this 14th day of July, 2016.